**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                                  Case No:  8:09-cr-430-T-30TBM

STEVEN GRAY WHIDDEN
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Steven Gray Whidden's pro se Motion for Reconsideration (Doc. 184), requesting that the Court reconsider its order reducing Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

On July 1, 2010, pursuant to a plea agreement, Defendant entered a guilty plea to (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(viii) (Count I), and (2) knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count IV).  (Docs. 111, 116, 118, 127).  After the Court accepted the plea, Plaintiff was sentenced to ninety-seven months' imprisonment on Count I and sixty months' imprisonment on Count IV to run consecutively to the sentence imposed on Count I.  (Doc. 156).

On June 16, 2014, the government filed a motion to reduce sentence pursuant to Federal Rule of Criminal Procedure 35(c) and 18 U.S.C. § 3553(e) due to Defendant's substantial assistance. (Doc. 169). The Court granted the motion and reduced Defendant's sentence on Count I from ninety-seven months to fifty-one months; the sentence on Count IV remained unchanged.[1] (Docs. 170-71).

On August 11, 2015, the Federal Public Defender filed an Unopposed Motion for Sentence Reduction Under Amendment 782. (Doc. 181). The Court granted the motion, reducing Defendant's sentence on Count I from fifty-one months to forty-one months. The reduction reflected a comparable departure from the low-end of Defendant's amended guideline range due to his substantial assistance.

Defendant now requests that the Court reduce his sentence further to twenty-nine months on Count I due to his substantial assistance. United States Sentencing Guideline § 1B1.10(b)(2)(B) provides:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction *comparably less* than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(Emphasis added).

However, as discussed above, the Court already accounted for Defendant's substantial assistance in providing Defendant a sentence that was comparably less on Count

---

[1] Pursuant to § 924(c)(1)(A)(i) and (D)(ii), the Court had no discretion but to provide a sixty-month, consecutive sentence as to Count IV.

I. The Court was within its discretion to provide a "comparably less" sentence by reducing Defendant's sentence by a comparable percentage. *See* § 1B1.10, comment (n.3) (using the percentage method to demonstrate an appropriate "comparably less" sentence reduction); *see also United States v. Thomas*, 360 F. App'x 4, 7 (11th Cir. 2010) (implicitly approving application of the percentage method in determining a sentence reduction). Defendant is not entitled to further reduction.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Steven Gray Whidden's pro se Motion for Reconsideration (Doc. 184) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of March, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record